IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



OCT 2 6 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**FLOYD DINSDALE BOLDING,**

     Petitioner,

v.                                          Civil Action No. **3:15CV290**

**DEPT. OF CORRECTIONS,** *et al.,*

     Respondents.

## MEMORANDUM OPINION

Floyd Dinsdale Bolding, a Virginia state prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), challenging his conviction for distribution of a controlled substance schedule I or II in the Circuit Court for Prince William County, Virginia. This Court previously dismissed a § 2254 Petition from Bolding concerning these convictions. *Bolding v. Dep't of Corr.*, No. 3:10CV660, 2011 WL 2471557, *1–3 (E.D. Va. June 21, 2011). On July 15, 2015, the Magistrate Judge issued a Report and Recommendation in which he recommended dismissing the § 2254 petition as successive. Bolding has filed a response. (ECF No. 7.) For the reasons states below, Bolding's response and any objection therein will be OVERRULED and the Report and Recommendation will be ACCEPTED and ADOPTED.

## I.    REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendations:

> The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Bolding

has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging these convictions, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, it is RECOMMENDED that the action be DISMISSED FOR LACK OF JURISDICTION.

(July 15, 2015 entered Report and Recommendation (alterations and omissions in original).)

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## III. BOLDING'S RESPONSE

Bolding filed a document entitled "ANSWER to REPORT AND RECOMMENDATION." ("Answer," ECF No. 7.) In his Answer, he explains that "[he] deserve[s] and opportunity to file a second petition because these issues were not known to me at the time of trial." (*Id.* at 1 (capitalization corrected).) Bolding then lists argument in support of his § 2254 Petition. (*Id.* at 1–2.) Bolding fails to address the Magistrate Judge's conclusion that his § 2254 Petition is successive and that he failed to obtain authorization from the Fourth Circuit to file a successive § 2254 petition challenging these convictions. Bolding's Answer fails to "direct the court to specific error[s] in the magistrate's proposed findings and recommendations"

2

as it must. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Moreover, it is apparent that this Court lacks jurisdiction over his successive § 2254 Petition. Bolding's Answer and any objection therein will be OVERRULED.

## IV.    CONCLUSION

Bolding's objections are OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. The action is DISMISSED FOR LACK OF JURISDICTION. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Bolding has not satisfied this standard. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: /0 - 26 -/5
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

3